**In re Frank Craig GASKINS and Debra Ann Gaskins, Debtors.**

**Bankruptcy No. SB 87–06131 DN.**

United States Bankruptcy Court, C.D. California.

May 20, 1988.

Joseph L. Borrie, Riverside, Cal., for debtor.

Timothy J. Farris, Office of the U.S. Trustee, Los Angeles, Cal., for U.S. Trustee.

## MEMORANDUM OF DECISION

DAVID N. NAUGLE, Bankruptcy Judge.

This contested matter comes before the Court on the U.S. Trustee's Motion to Dismiss pursuant to 11 U.S.C. § 707(b). A hearing was held on March 18, 1988. This Memorandum of Decision incorporates the Court's Findings of Fact and Conclusions of Law.

## BACKGROUND

On September 10, 1987, Frank Gaskins and Debra Ann Gaskins ("debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debra Ann Gaskins had previously received a discharge under Chapter 7 in 1981. The debtors' average annual income for 1985 and 1986 was $71,540.35. The debtors have annual disposable income of approximately $6,050.00. Of the debtors' $33,640.85 in unsecured debt, over $30,000.00 is made up of credit card purchases. The debtors own three late model vehicles including a 1987 Chevrolet Blazer which the debtors recently purchased in part with a tax refund of approximately $8,300.00. The U.S. Trustee sought to have the case dismissed for substantial abuse pursuant to 11 U.S.C. § 707(b).

## DISCUSSION

Section 707(b) of 11 U.S. Code states in pertinent part:

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

In order to dismiss a case pursuant to § 707(b), a court must find the debts to be primarily consumer debts and that to grant the debtor's discharge would be a substantial abuse of chapter 7. *In re Kelly*, 841 F.2d 908 (9th Cir.1988).

In determining whether debt is primarily consumer debt, debt secured by real property may be included or excluded depending on the nature of the debt. Included as consumer debt is the mortgage on the debtor's primary residence. "It is difficult to conceive of any expenditure that serves a 'family ... or household purpose' more directly than does the purchase of a home ...." *Kelly, supra*, 841 F.2d 908, 913. The debtors' credit card debt is "primarily consumer debt" as defined in 11 U.S.C. § 101(7). Of the $244,326.85 in listed debt, $136,476.00 is clearly consumer debt as set out in *Kelly*.

848

The second prerequisite is a finding that granting the debtor's petition would be a "substantial abuse" of chapter 7.

> The debtor's ability to pay his debts when due, as determined by his ability to fund a chapter 13 plan, is the primary factor to be considered in determining whether granting relief would be substantial abuse.

*Kelly, supra,* 841 F.2d 908, 914.

Based on the debtors' generous monthly expenses, there remains annual disposable income of $6,055.15. Over a three year Chapter 13 plan period, the debtors could pay $18,165.45 or 54% of their outstanding indebtedness to their unsecured creditors. Further, the debtors recently received a tax refund of approximately $8,300.00 and immediately used it to purchase a 1987 Chevrolet Blazer when they already owned two other late model vehicles. This indicates to this Court not an inability to pay their debts but merely an unwillingness to do so.

Based on the above facts and the guidelines set out in *Kelly,* this Court holds that to grant the debtors a discharge would be a substantial abuse of chapter 7 and one which Congress sought to prevent through the enactment of 11 U.S.C. § 707(b). Therefore, the debtors' discharge is vacated and the case is dismissed.