_____

No. 95-4181
_____

Richard F. Richenberg, Jr.,    *
                                 *
    Plaintiff - Appellant,    *
                                 *
    v.                        *
                                 * Appeal from the United States
William J. Perry, Secretary of    * District Court for the
Defense, in his official    * District of Nebraska.
capacity; Sheila Widnall,    *
Secretary of the Air Force,    * **[PUBLISHED]**
in her official capacity,    *
                                 *
    Defendants - Appellees.    *

_____

Submitted:  December 21, 1995

Filed:  December 26, 1995
_____

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and HANSEN, Circuit Judges.
_____

PER CURIAM.

    Air Force Captain Richard F. Richenberg, Jr., commenced this action to enjoin the Air Force from discharging him, after a full administrative hearing, because he has a propensity or intent to engage in homosexual conduct. Richenberg contends that the military's "Don't Ask, Don't Tell" policy regarding homosexuals, which is explicitly authorized by a 1993 statute, 10 U.S.C. § 654, violates his constitutional rights. The district court[1] granted summary judgment for the government. Richenberg appeals and now seeks an injunction preventing his discharge pending appeal.

_____

    [1] The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska.

We deny the requested injunction, primarily for two reasons. First, Richenberg has not persuaded us that he has a substantial likelihood of success on the merits of his appeal. That must be the standard when considering whether to grant a preliminary injunction preventing the implementation of a statute that was the product of lengthy public debate involving both Congress and the President. See Able v. United States, 44 F.3d 128, 131-32 (2d Cir. 1995). Even lacking the guidance of a specific statute, "[o]ur review of miltary regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society." Goldman v. Weinberger, 475 U.S. 503, 507 (1986). Here, we are guided by specific legislative findings supporting the challenged policy. See 10 U.S.C. § 654(a). Circuit courts generally upheld the military's prior, more restrictive policy, citing the need for judicial deference to military decisions regarding what rules are rationally required to maintain effective military forces. See, e.g., Ben-Shalom v. Marsh, 881 F.2d 454 (7th Cir. 1989), cert. denied, 494 U.S. 1004 (1990). Like the district court, we are not persuaded by Richenberg's showing to date that the new statutory policy is unconstitutional.

Second, Richenberg has not made a sufficient showing of irreparable injury "to override the[] factors cutting against the general availability of preliminary injunctions in Government personnel cases." Sampson v. Murray, 415 U.S. 61, 84 (1974). In April 1993, after eight years in the Air Force, Richenberg asked to be voluntarily separated. When that request was denied, he advised his commanding officer for the first time that "I am homosexual." These contested discharge proceedings followed. Having exhausted Air Force procedures, Richenberg now faces honorable discharge. The government concedes that, if he ultimately prevails in this action, reinstatement with full back pay and benefits, or other comparable monetary relief, would likely follow. In these circumstances, there has been no showing of irreparable injury.

See Harris v. United States, 745 F.2d 535, 536 (8th Cir. 1984). In addition, we see obvious harm to the government and the public interest in granting a preliminary injunction that would hold in abeyance a military policy adopted pursuant to a statute "extensively considered by Congress in hearings, floor debate, and in committee." Rostker v. Goldberg, 453 U.S. 57, 72 (1981).

For the foregoing reasons, the motion for an injunction pending appeal is denied.

RICHARD S. ARNOLD, Chief Judge, dissenting.

I would grant the motion for injunction pending appeal and establish an expedited briefing schedule that would enable this case to be submitted promptly for decision on the merits. Because the Air Force, unless enjoined, intends to discharge the appellant, Captain Richard F. Richenberg, Jr., in just a few days, it is not possible to state my reasons in an extended opinion. I would like to comment briefly, however, on the likelihood of the appellant's prevailing on appeal.

Captain Richenberg has not been guilty of any prohibited conduct. He has not even been accused of such conduct. His offense is simply that he is a homosexual and that he has said he is. Under the current policy of the Department of Defense, homosexual status, standing alone, is not grounds for discharge. But for a service member to say that he or she is homosexual can be grounds. It is said that such a statement creates a rebuttable presumption that one has a propensity to engage in prohibited conduct.

It seems to me that Captain Richenberg's First Amendment attack on this state of affairs has a good chance of success. First of all, his mere status is not objectionable under current military policy. Indeed, I doubt if status, in and of itself,

could be made a ground for discharge consistently with the First Amendment. This would amount to thought control, and, if speech is protected, unspoken thoughts must be too. The further circumstance that Captain Richenberg has declared his status openly is no more than speech. It threatens no one and has disobeyed no order. This much the current military policy appears to recognize, because it purports to create a presumption, based on nothing more than honest statements, that status or desire equals propensity to act. This presumption appears to me to be at best questionable. If I am a heterosexual and not married, do I have a propensity to commit fornication? If I am covetous, do I have a propensity to steal? If I am angry, do I have a propensity to strike someone or to kill? I think not. The distinction between disposition and action is clear. The presumption contained in the current policy ignores this distinction. Many people, homosexual and heterosexual, are celibate. The current policy entirely overlooks this aspect of human conduct.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.