97 F.3d 1235
 72 Fair Empl.Prac.Cas. (BNA) 93, 69 Empl.
Prac. Dec. P 44,289,
96 Cal. Daily Op. Serv. 7424,
96 Daily Journal D.A.R. 12,199
Margarethe CAMMERMEYER, Colonel, Plaintiff-Appellee,
v.
William J. PERRY, Secretary of Defense; Togo D. West,
Secretary of the Army; United States of America,
Defendants-Appellants. (Two Cases)
 Nos. 94-35600, 94-35674.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 4, 1995.
Decided Oct. 7, 1996.
 
 Anthony Steinmeyer, Edward Himmelfarb, Robert V. Zener, David M. Glass, Vincent M. Garvey & John C. Hoyle, U.S. Department of Justice, Washington, DC; Majors Tara O. Hawk & Douglas K. Mickle, Office of Judge Advocate General, for defendants-appellants.
 Mary Newcombe & Sherryl Elise Michaelson, Hedges & Caldwell, Los Angeles, CA; Jeffrey I. Tilden & Michael Himes, Perkins Coie, Seattle, WA; Beatrice Dohrn & Jon W. Davidson, Lambda Legal Defense and Education Fund, Inc., Los Angeles, CA; Charles T. Bumer, National Lawyers Guild, San Diego, CA, for plaintiff-appellee.
 David H. Braff, Edward A. Harris and Michael E. Johnson, Sullivan & Cromwell, New York City; Gregory A. Bonfiglio and Dennis M. Perluss, Morrison & Foerster, San Francisco, CA, for Amici Curiae American Federation of Television and Radio Artists; Gay, Lesbian, Bisexual Veterans of Greater New York; The Alexander Hamilton Post 448 of the American Legion; Gay, Lesbian, Bisexual Veterans of America, Veterans for Human Rights, Inc.
 Amy E. Margolin, Gerald Z. Marer and Robin E. Kelsey, Jackson, Tufts, Cole & Black, San Franciso, CA, for Amicus Curiae Servicemembers Legal Defense Network.
 James E. Lobsenz, Carney, Badley, Smith & Spellman, Seattle, WA, for Amicus Curiae American Civil Liberties Union.
 Appeal from the United States District Court for the Western District of Washington, Thomas S. Zilly, District Judge, Presiding. D.C. No. CV-92-00942-TSZ.
 Before: FLETCHER, KOZINSKI and LEAVY, Circuit Judges.
 KOZINSKI, Circuit Judge.
 
 
 1
 * Colonel Margarethe Cammermeyer is a highly decorated nurse who has served in the Army, Army Reserve and National Guard. She has received numerous awards and distinctions, including the Bronze Star for distinguished service in Vietnam, and has held the position of Chief Nurse at a number of military hospitals. While seeking admission to the Army War College, Cammermeyer was interviewed by the Defense Investigative Service in order to obtain a Top Secret security clearance. During the interview, she was asked about her sexual orientation. In a statement signed during the interview, she wrote, "I am a Lesbian. Lesbianism is an orientation I have, emotional in nature, towards women. It does not imply sexual activity." SER Tab 3, Ex. G.
 
 
 2
 At the time these statements were made, Cammermeyer was serving as member of the Washington State National Guard. The Guard permitted Cammermeyer to retain her position, stating that it would not pursue her discharge unless forced to do so by the Department of the Army. Six months later, the United States Army initiated proceedings to withdraw Cammermeyer's federal recognition and thereby render her ineligible for military service. While these proceedings were pending, Washington Governor Booth Gardner sought to intervene on Cammermeyer's behalf, writing a letter to then-Secretary of Defense Dick Cheney protesting "a senseless end to the career of a distinguished, long-time member of the armed services." SER 148. Despite uniform and resounding praise for Cammermeyer's abilities both as a nurse and a leader, the Army ultimately withdrew Cammermeyer's federal recognition, causing her to be discharged from the National Guard.
 
 
 3
 Cammermeyer filed suit challenging her discharge, claiming that Army Reg. 135-175[1] violated her rights to Equal Protection, Freedom of Speech, Due Process and Privacy, and the Separation of Powers doctrine and principles of Federalism. The district court granted summary judgment for Cammermeyer on her Equal Protection and Due Process claims, and granted summary judgment for defendants on the other claims. See Cammermeyer v. Aspin, 850 F.Supp. 910, 929-30 (W.D.Wash.1994). The district court then ordered that Cammermeyer be reinstated, that all of defendants' records concerning Cammermeyer's sexual orientation be expunged and that defendants be enjoined from taking any action against Cammermeyer on account of her homosexual status. Id. at 929. The district court also declared that Cammermeyer's discharge exclusively on the basis of her sexual orientation was unconstitutional, and that Army Reg. 135-175, which allowed for discharge on that basis, was unconstitutional as well. Id. Pending appeal, Cammermeyer was reinstated, and Army Reg. 135-175 and Department Defense Directive 1332.30 were replaced by 10 U.S.C. § 654 and a new version of Department of Defense Directive 1332.30. These new regulations implemented the "don't ask/don't tell" policy.[2]
 
 II
 
 4
 In Meinhold v. United States Dep't of Defense, 34 F.3d 1469, 1479-80 (9th Cir.1994), we held that regulations identical to Army Reg. 135-175 did not require discharge on the basis of statements merely expressing one's status as a homosexual. Rather, we concluded, these regulations required discharge only for statements "that show a concrete, fixed, or expressed desire to commit homosexual acts." Id. at 1479. In light of Meinhold, defendants concede that Cammermeyer should not have been separated solely on the basis of her statements. Defendants argue, however, that, under the reasoning of Meinhold, the district court should not have reached Cammermeyer's constitutional claims; they ask us to vacate that portion of the district court's decision declaring Cammermeyer's separation and Army Reg. 135-175 unconstitutional.
 
 
 5
 Now that defendants have reinstated Cammermeyer and rescinded the regulation under which she was discharged, we don't see what relief we could grant by reviewing the district court's judgment. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir.1996) (case becomes moot when litigants' rights are no longer affected by the action). The Supreme Court has long instructed us that the "Article III [case or controversy requirement] denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them.' " Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990) (quoting North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971)). Because federal courts may resolve only "real and substantial controvers[ies] admitting of specific relief," Aetna Life Ins. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937), this case is moot. See Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir.1994) ("As a general rule, if a challenged law is repealed or expires, the case becomes moot.").[3]
 
 
 6
 Cammermeyer argues that we must reach the merits of her case under City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). In City of Mesquite, plaintiff challenged two sections of a city's licensing ordinance. Id. at 284-85, 287-88, 102 S.Ct. at 1072, 1073-74. Before the case reached the court of appeals, the city amended one of the sections. Id. at 289, 102 S.Ct. at 1074-75. Despite this change in the law, the Supreme Court decided to reach the merits, noting that "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Id. at 289, 102 S.Ct. at 1074-75. This rule was born out of the Court's fear that the city would reinstate its allegedly unconstitutional ordinance were the case dismissed as moot, since "the city's repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated." Id. This risk was well-documented, since the city had done precisely that once before and, at oral argument, expressed its intent to do so again. Id. at 289 & n. 11, 102 S.Ct. at 1074-75 & n. 11.
 
 
 7
 We have held, however, that a statutory change "is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed. As a general rule, if a challenged law is repealed or expires, the case becomes moot.... The exceptions to this general line of holdings are rare and typically involve situations where it is virtually certain that the repealed law will be reenacted." Native Village of Noatak, 38 F.3d at 1510 (citations omitted). We see no reason to deviate from this approach here.
 
 
 8
 Nor does this case fall under the exception for cases capable of repetition yet evading review. In order for a case to qualify under this exception, "there must be a 'reasonable expectation' that the same complaining party will be subject to the same injury again [and] the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." Native Village of Noatak, 38 F.3d at 1509-10 (citations omitted). Cammermeyer does not argue that the government plans to continue its allegedly illegal course of action against her. Defendants have reinstated Cammermeyer and show no signs of moving to discharge her. Moreover, it is clear that Cammermeyer's injury is not "inherently limited [in] duration," id. at 1510, as evidenced by the many appellate decisions passing on the validity of both the old[4] and new policies.[5]
 
 
 9
 Cammermeyer also points to her claim for attorneys' fees in arguing the case is not moot. But "[c]laims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot." Williams v. Alioto, 625 F.2d 845, 848 (9th Cir.1980), cert. denied, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981). The existence of an attorneys' fees claim thus does not resuscitate an otherwise moot controversy. See Diamond v. Charles, 476 U.S. 54, 70-71, 106 S.Ct. 1697, 1707-08, 90 L.Ed.2d 48 (1985); United States v. Ford, 650 F.2d 1141, 1143-44 (9th Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982).
 
 
 10
 Finally, we are not governed by the fact that Meinhold reached the merits, even though the government had implemented the "don't ask/don't" tell policy pending appeal. The district court in Meinhold had issued a nationwide injunction preventing the Department of Defense from "discharging or denying enlistment to any person based on sexual orientation in the absence of sexual conduct which interferes with the military mission...." Meinhold v. United States Dep't of Defense, 808 F.Supp. 1455, 1458 (C.D.Cal.1993). This presented a live and immediate controversy for which relief could be granted despite the change in regulations. See 1 Dan B. Dobbs, Law of Remedies: Damages-Equity-Restitution § 2.9(1), at 223 (2d ed. 1993) ("The injunction must be obeyed until it is stayed, dissolved, or reversed, even if it is erroneously issued.").[6] In fact, the defendants in Meinhold argued that the injunction prevented them from implementing the new policy. 34 F.3d at 1473. Here, defendants merely challenge the district court's declaratory judgment that Cammermeyer's discharge was illegal and that the now defunct regulation was unconstitutional. They fail to explain what effect a decision on the merits would have in this case. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154-55, 83 S.Ct. 554, 560-61, 9 L.Ed.2d 644 (1963) (injunction risks paralyzing the operation of an entire regulatory scheme while declaratory judgment does not).
 
 III
 
 11
 Having determined that the appeal is moot, we must now decide whether we should vacate the district court's judgment. Although it is general practice to vacate the judgment below whenever a case becomes moot, see United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106-07, 95 L.Ed. 36 (1950), more recent cases hold that the decision to vacate is not to be made mechanically, but should be based on equitable considerations. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, ----, 115 S.Ct. 386, 391, 130 L.Ed.2d 233 (1994); Dilley v. Gunn, 64 F.3d 1365, 1370 (9th Cir.1995). "The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action." Bonner Mall, 513 U.S. at ----, 115 S.Ct. at 391.
 
 
 12
 At oral argument, defense counsel for the first time invoked Munsingwear. However, it was defendants who rendered this case moot by conceding that Cammermeyer should be reinstated and by replacing the challenged regulation. Under similar circumstances, we have refused to vacate the lower court's judgment, even when the appellant did not intend to moot the appeal. See, e.g., Blair v. Shanahan, 38 F.3d 1514, 1521 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1698, 131 L.Ed.2d 561 (1995) (appellant did not intend to moot appeal); Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir.1982) (appellant did so intend). We are aware of no equitable factors that distinguish this case from Blair or Ringsby and therefore decline to grant the "extraordinary remedy of vacatur." Bonner Mall, 513 U.S. at ----, 115 S.Ct. at 392. However, the district court is not precluded by our denial from vacating its own judgment after an independent review of the equities, see National Union Fire Ins. Co. v. Seafirst Corp., 891 F.2d 762, 767 (9th Cir.1989), and we therefore follow our established practice of remanding the case to the district court for such a determination. See Dilley, 64 F.3d at 1370-71; Blair, 38 F.3d at 1521.
 
 
 13
 DISMISSED and REMANDED.
 
 
 
 [1]
 Army Reg. 135-175, which implemented Department of Defense Directive 1332.30, stated:
 p 2-39 Criteria[:] The basis for separation may include preservice, prior service, or current service conduct or statements. A member shall be separated under the provisions of this section if one or more of the following approved findings is made:
 b. The member has stated that he/she is a homosexual or bisexual unless there is a further finding that the member is not a homosexual or bisexual.
 
 
 [2]
 The new policy is not under review here
 
 
 [3]
 For reasons that are not evident, both sides insist that the case is not moot. However, the issue is a jurisdictional one and we must therefore consider it independent of the parties' arguments. Kremens v. Bartley, 431 U.S. 119, 134 n. 15, 97 S.Ct. 1709, 1717 n. 15, 52 L.Ed.2d 184 (1977); Nome Eskimo Community v. Babbitt, 67 F.3d 813, 815 (9th Cir.1995)
 
 
 [4]
 See Meinhold, 34 F.3d 1469; Pruitt v. Cheney, 963 F.2d 1160 (9th Cir.), cert. denied, 506 U.S. 1020, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992); Watkins v. United States Army, 875 F.2d 699 (9th Cir.1989) (en banc), cert. denied, 498 U.S. 957, 111 S.Ct. 384, 112 L.Ed.2d 395 (1990)
 
 
 [5]
 See Watson v. Perry, No. 96-35314 (9th Cir.) (not yet decided); Holmes v. California Army Nat'l Guard, Nos. 96-15726 & 96-15855 (9th Cir.) (not yet decided); Philips v. Perry, No. 95-35293 (9th Cir.) (not yet decided); Thomasson v. Perry, 80 F.3d 915 (4th Cir.1996) (en banc), petition for cert. filed, 65 U.S.L.W. 3033 (July 1, 1996); Richenberg v. Perry, 73 F.3d 172 (8th Cir.1995); Able v. United States, 88 F.3d 1280 (2d Cir.1996)
 
 
 [6]
 While the Supreme Court did grant a stay of the district court's injunction in Meinhold, the stay applied only to persons other than Meinhold and was only valid pending appeal. See United States Dep't of Defense v. Meinhold, 510 U.S. 939, 114 S.Ct. 374, 126 L.Ed.2d 324 (1993)