208 B.R. 55 (1997)
In re Sharon Claire JOSEPH, Debtor.
UNITED STATES TRUSTEE, Appellant,
v.
Sharon Claire JOSEPH; and Duke Salisbury, Chapter 7 Trustee, Appellees.
BAP No. CC-96-1016-OSMe, Bankruptcy No. LA 95-29355-SB.
United States Bankruptcy Appellate Panel of the Ninth Circuit.
March 31, 1997.
*56 *57 MaryAnne Banks Wilsbacher, Office of the United States Trustee, Los Angeles, CA, for the United States Trustee.
Before: OLLASON, SNYDER[1] and MEYERS, Bankruptcy Judges.

OPINION
OLLASON, Bankruptcy Judge:
The United States Trustee ("UST"), upon a referral by the Chapter 7[2] Trustee ("panel trustee"), brought a motion to dismiss the bankruptcy petition on the basis of substantial abuse because the debtor was able to pay her creditors. The bankruptcy court did not hear substantive argument but denied the motion as a matter of law, generally stating that Congress did not intend motions to be brought pursuant to § 707(b). The UST appealed. We reverse and remand with instructions.

STATEMENT OF FACTS
Sharon Claire Joseph ("Debtor") filed an individual voluntary Chapter 7 petition on August 1, 1995. On her schedules, Debtor listed total debt of $16,249, all unsecured. The amount of debt which could be classified as "consumer debt"[3] was as follows:

 Deficiency debt on repossessed car $ 7,100.00
 Club membership 649.44
 Purchase of furniture 3,000.00
 __________
 TOTAL $10,749.44

The balance of the unsecured debt was as follows:

 Priority unsecured state income tax
 debt $ 2,100.00
 Liability for car accident 3,400.00
 __________
 TOTAL $ 5,500.00

Debtor was employed as a nurse by U.S.C. Medical Center and earned approximately $45,600 per year, which after various payroll deductions, provided a monthly income of approximately $2,725 before expenses. Her monthly expenses were listed as $2,245, leaving $480 per month in disposable income. This amount would pay 100% of her debts in approximately 34 months.[4]
By letter dated September 8, 1995, the panel trustee referred Debtor's case to the UST for a § 707(b) dismissal, noting Debtor's ability to pay all of her debts in full in 34 months.
The first date set for the meeting of creditors was September 9, 1995. The UST filed a timely motion to dismiss Debtor's case on November 3, 1995, pursuant to § 707(b) and Fed.R.Bank.P. 1017(e). The UST contended that Debtor's debts were primarily consumer debts and granting Debtor a discharge would be a substantial abuse of the Code because Debtor could pay substantially all of her debts through a Chapter 13 plan.
Debtor did not file a written response. Debtor and the UST appeared at a hearing on the motion on November 29, 1995. The following conversation took place:
[UST]: I saw your tentative was to deny. Is it for the same reason that you've enunciated before; is that congress [sic] did not intend that these type of motions be brought?
THE COURT: That's right.
An order was entered on December 11, 1995, denying the UST's motion. The order stated:
"The Court hearing no argument regarding the substance of the Motion, and having determined that Congress did not intend that motions be brought under this Code section, IT IS HEREBY ORDERED THAT the Motion is DENIED."
*58 The UST timely appealed the order.[5] Subsequent to notice of appeal, Debtor received her Chapter 7 discharge on February 26, 1996.[6]

ISSUE
1. Whether this appeal is moot because Debtor has been discharged.
2. Whether the bankruptcy court erred when it ruled that the UST could not bring a § 707(b) motion to dismiss Debtor's case, upon a referral by the panel trustee.

STANDARD OF REVIEW
Mootness is a jurisdictional issue which is reviewed de novo. In re Baker & Drake. Inc., 35 F.3d 1348, 1351 (9th Cir. 1994). Since the underlying facts are not disputed, the question before the Panel is one in which legal issues predominate and is thus subject to de novo review. In re Kelly, 841 F.2d 908, 911 (9th Cir.1988).

DISCUSSION
1. Mootness
An appeal becomes moot "when the appellant fails to obtain a stay pending appeal and events occur which prevent the court from fashioning effective relief." In re Beatty, 162 B.R. 853, 856 (9th Cir.BAP 1994). In this case, Debtor's discharge was entered after the notice of appeal was filed. A § 707(b) motion is analogous to an objection to discharge. See Fed.R.Bankr.P. 1017(e), Advisory Committee Note (1991). The Panel must determine its jurisdiction over this appeal, which may have been rendered moot because of the discharge.
The UST contends that relief is available in this case because the Panel may instruct the bankruptcy court to vacate its discharge order. See In re Gaskins, 85 B.R. 846, 848 (Bankr.C.D.Cal.1988) (where the bankruptcy court vacated the debtors' discharge and dismissed the case pursuant to the UST's § 707(b) motion). This appeal is distinguishable from Gaskins, where the bankruptcy court sua sponte vacated its own discharge order prior to dismissing the case. On the other hand, where the discharge order stands, the appeal of the dismissal order has been rendered moot. Jurisdiction must precede the Panel's instruction to vacate the discharge order.
However, even if the discharge order rendered the appeal moot, it is likely that this scenario will happen again. There is an exception to the general mootness rule when an injury is "capable of repetition, yet evading review." See Cammermeyer v. Perry, 97 F.3d 1235, 1238 (9th Cir.1996). Under this exception, "there must be a `reasonable expectation' that the same complaining party will be subject to the same injury again and the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation can be completed." Id. (citations omitted). The bankruptcy court issued a standard order for § 707(b) motions, which apparently had been issued in the past and which would be repeated. It is unlikely that discharge orders would be stayed pending an appeal of those standard orders, thereby rendering any appeals moot before relief could be granted. This appeal meets the qualifications for the exception, and, thus, the Panel has jurisdiction.
2. Section 707(b)
The bankruptcy court concluded that Congress did not intend motions to be brought pursuant to § 707(b). The basis for the bankruptcy court's legal conclusion was not set forth in the record, nor is there a responsive brief. Therefore, the Panel must speculate as to the court's reasoning based on our review of the UST's argument, the statutory language, legislative history and case law.
*59 The court's ruling appears to touch upon controversies surrounding § 707(b). Section 707(b) was added to the Code in 1984 as part of the consumer credit amendments to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 312(2), 98 Stat. 333, 355 (1984). The enactment was part of a legislative reaction to claimed abuse of the bankruptcy laws by consumer debtors. In re Keniston, 85 B.R. 202, 225 (Bankr.D.N.H.1988). Former § 707(b) read as follows (emphasis added):
After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest. may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.
The provision represented a "tension between granting the debtor an opportunity for a fresh start and the interest of creditors in thwarting the abuse of consumer credit." In re Blair, 180 B.R. 656, 657 (Bankr.N.D.Ala. 1995). It did not allow substantial abuse motions to be brought by parties in interest in order to prevent harassment of the debtor. At the same time, the provision allowed the bankruptcy court to exercise its inherent authority to prevent substantial abuse.
However, the question of the UST's standing to bring a § 707(b) motion was clarified by an amendment to § 707(b) in 1986.[7]Kelly, 841 F.2d at 912 n. 2 (bankruptcy court sua sponte considered dismissal, but the Ninth Circuit noted the Code change). Section 707(b) currently provides as follows (emphasis added):
After notice and a hearing, the court. on its own motion or on a motion by the United States trustee. but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts and if it finds that granting such relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.
In addition, Fed.R.Bankr.P. 1017(e) was amended in 1991 to conform with the amendment to § 707(b). See Advisory Committee Note (1991). It provides the procedure by which the UST may bring a motion to dismiss:
(e) Dismissal of Individual Debtor's Chapter 7 Case for Substantial Abuse. An individual debtor's case may be dismissed for substantial abuse pursuant to § 707(b) only on motion by the United States trustee or on the court's own motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and such other parties in interest as the court directs.
(1) A motion by the United States trustee shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a), unless, before such time has expired, the court for cause extends the time for filing the motion. The motion shall advise the debtor of all matters to be submitted to the court for its consideration at the hearing.
In this case, the UST was sent a § 707(b) referral letter by the panel trustee. An argument could be made that § 707(b) precludes a motion by the UST when it is instigated by the panel trustee, but it would not prevail. The Joint Explanatory Statement of the Committee of Conference for the 1986 legislation reads in part:
The conferees anticipate that the panel trustee will work closely in conjunction with the United States Trustee to assist in the discharge of the specific authority granted under Section 707(b). This would include bringing to the United States trustee's attention any information or evidence of fraud or abuse which may provide the basis for dismissal of a case under Section 707(b). The U.S. Trustee may, in his discretion, bring that information to the attention of the court. The conferees anticipate *60 that panel trustees will frequently appear in court regarding the motions filed by the U.S. Trustee under Section 707(b), as amended. Such appearances will be in their capacity as panel trustee and not as a representative of the U.S. Trustee.
H.R.Conf.Rep.No. 99-958, at 47 (1986), reprinted in 1986 U.S.C.C.A.N. 5227, 5246, 5248.
A panel trustee acts as the legal representative of the estate. See § 323. "He is an independent person with no prior connection to either the debtor or the creditors. His primary job is to marshall and sell assets, so that those assets can be distributed to the estate's creditors and then close the estate." In re Reed, 178 B.R. 817, 821 (Bankr.D.Ariz.1995); § 704. The UST has "sweeping authorization" to "appear and may be heard on any issue in any case or proceeding under [title 11] but may not file a plan pursuant to section 1121. . . ." In re Clark, 927 F.2d 793, 796 (4th Cir.1991); In re Speece, 159 B.R. 314, 317 (Bankr.E.D.Cal. 1993); § 307. Thus, close scrutiny of cases for abuse by the panel trustee and the UST in their administrative roles is not harassment of the debtor which Congress intended to prevent in drafting § 707(b).
Section 707(b) was carefully drafted to prevent harassment of debtors by creditors by the language: "[T]he court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest . . ." may bring a motion under § 707(b).
The rationale for not permitting parties in interest to raise the substantial abuse issue is to prevent creditors from harassing the debtor or unnecessarily increasing the debtor's litigation costs. Permitting trustees to notify the United States trustee of possible abuses is unlikely to lead to frivolous substantial abuse actions since the United States trustee will serve as a buffer between the trustee and the court.
4 COLLIER ON BANKRUPTCY, § 707.05 at 707-18 (15th ed.1996).[8]
In summary, under current Ninth Circuit law, the Code, and the Bankruptcy Rules, the UST may bring a motion to dismiss Debtor's case pursuant to § 707(b), upon a referral from the panel trustee.

CONCLUSION
This appeal falls under the "capable of repetition yet evading review" exception to the mootness doctrine, so that the Panel may review the bankruptcy court's refusal to address the UST's § 707(b) motion. The bankruptcy court erred as a matter of law when it declined to rule on the merits of the UST's § 707(b) motion. Congress has enacted specific provisions for such motions to be brought by the UST, both in § 707(b) and Fed.R.Bankr.P. 1017(e). In addition, the limiting language precluding action by a court upon the suggestion or request of any party in interest does not apply where the UST has made an independent investigation of abuse based upon a referral from the panel trustee, and brings the motion before the court in accordance with the Code. The bankruptcy court's order of December 11, 1995, is REVERSED and the matter is REMANDED WITH INSTRUCTIONS that the bankruptcy court: (1) vacate the order of discharge entered on February 26, 1996, and (2) grant a hearing on the merits of the UST's motion.
NOTES
[1] Honorable Paul B. Snyder, Bankruptcy Judge for the Western District of Washington, sitting by designation.
[2] Unless otherwise indicated, references to Chapter, Section or Code are to the Bankruptcy Code, 11 U.S.C. § 101-1330; references to "Fed. R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure, Rules XXXX-XXXX.
[3] "`Consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." See § 101(8).
[4] In addition, Debtor would have additional disposable income if the bankruptcy court determined that some of Debtor's deductions and expenditures were not justified as reasonably necessary for her maintenance and support.
[5] Debtor has not filed an Appellee's brief. The Panel will decide the case based on the UST's brief and the record. Failure to file a responsive brief does not preclude an appellee from prevailing on appeal. Teamsters, Chauffeurs, Warehousemen and Helpers Local Union 524 v. Billington, 402 F.2d 510, 511 (9th Cir.1968); In re Saylor, 178 B.R. 209, 212 (9th Cir.BAP 1995), aff'd, 108 F.3d 219 (9th Cir.1997).
[6] The Panel takes judicial notice of the bankruptcy court records. In re Blumer, 95 B.R. 143, 146 (9th Cir.BAP 1988).
[7] Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99-554, title II, § 219(b), 100 Stat. 3088, 3100-3101 (1986).
[8] The present statutory language is ambiguous, leading to an analysis of legislative history. See Clark, 927 F.2d at 797 ("[T]he phrase `but not at the request or suggestion of any party in interest' modifies what the court can do, since `the court' is the subject of the sentence."); See also In re Stewart, 201 B.R. 996, 1003 (Bankr.N.D.Okla. 1996); In re Morris, 153 B.R. 559, 563 (Bankr. D.Or.1993). These cases note that the UST conducts an independent investigation. They hold that even when a creditor suggests that the UST bring a motion, the UST may bring the motion because the UST's independent investigation is not tainted by the creditor's request.

While the UST may file other § 707(b) motions after having been contacted by creditors, a review of the bankruptcy court's refusal to entertain such motions must wait for another day, as that issue is not before us.