**99 CENTS ONLY STORES,**
a California corporation,
Plaintiff—Appellee,

v.

**LANCASTER REDEVELOPMENT
AGENCY, a public entity, et al.,**
Defendants—Appellants.

No. 01–56338.
D.C. No. CV–00–07572–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided March 7, 2003.

Before CANBY, GOULD and
BERZON, Circuit Judges.

**124**

## MEMORANDUM *

Lancaster appeals the district court's order enjoining Lancaster from initiating eminent domain proceedings with the purpose or effect of displacing 99 Cents' current leasehold and permitting the physical expansion of Costco onto that property. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ 1. At the time that 99 Cents filed its complaint in district court, the controversy was ripe. Once Lancaster passed Resolution 21–00, 99 Cents faced a "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1170 (9th Cir.2001). Because 99 Cents challenged the ordinance as authorizing a private taking, it was not required to exhaust state condemnation proceedings prior to instituting a federal action. *Armendariz v. Penman*, 75 F.3d 1311, 1321 n. 5 (9th Cir.1996).

■ 2. We affirm the district court's conclusion that the controversy was not moot at the time that the district court entered its injunction order. Lancaster had repealed the ordinance authorizing condemnation proceedings prior to the district court's decision. A defendant claiming that its voluntary cessation of a challenged activity has mooted a controversy, however, bears the "formidable burden of showing that it is it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Entvl. Srvs. (TOC) Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Because Lancaster could easily "reenact[ ] precisely the same provision," the repeal of the ordinance did not moot the controversy, *City of Mesquite v. Alladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982), unless the surrounding circumstance made it "absolutely clear," *Laidlaw*, 528 U.S. at 189, that Lancaster would not reenact the ordinance. The district court did not err in finding that Lancaster failed to meet that burden.

In particular, the colloquy concerning Lancaster's willingness to stipulate that it would not condemn 99 Cents' leasehold in the future so as to provide space for the physical expansion of Costco is consistent with the district court's conclusion that Lancaster refused to so stipulate. Although Lancaster did submit a declaration indicating otherwise in opposition to the plaintiff's attorneys' fees motion, that declaration was submitted after the merits judgment and is therefore pertinent to post-judgment, but not pre-judgment, mootness.

Lancaster's evidence in support of the conclusion that it would not reenact the challenged ordinance (or similar provision), consisted of (1) assertions that its current deal with Costco had become economically unviable due to demands by HomeBase,[1] and (2) a declaration by Lancaster's attorney that Lancaster had purchased an alternate parcel of land in an attempt to relocate Costco outside the Power Center. The latter assertion is bereft of any details, however, such as a concrete time-line or plan for relocating Costco, or any indication that the parcel would not be appropriate for alternate city uses were Lancas-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extend HomeBase's demands were excessive, Lancaster could have avoided the problem by exercising its eminent domain power and thereby obtaining the necessary property interest at fair market value.

ter to reinitiate its efforts to take the 99 Cents leasehold interest. While we find the issue close, we conclude that the district court did not err in determining that the controversy was a live one on the basis of the evidence before it.

 3. Events subsequent to the district court's judgment, however, have resolved any remaining doubts as to whether the controversy is moot. As noted, Lancaster submitted a declaration in opposition to plaintiffs' fees motion specifically denying any intention to reinitiate condemnation proceedings for the purpose of expanding the Costco store. Further, Lancaster entered into a new contract to move Costco out of the Power Center and conveyed land to Costco for that purpose.[2] Finally, at oral argument Lancaster asserted, and 99 Cents did not disagree, that Costco had taken concrete steps toward the implementation of that plan by beginning the construction of a new store location. Now that Lancaster has taken significant affirmative (and, in the case of construction, essentially irreversible) steps toward the implementation of an alternate plan, it is not reasonably likely that Lancaster would reinitiate eminent domain proceedings against 99 Cents. We therefore dismiss the current appeal.

5. Because the appeal was rendered moot by Lancaster's actions, rather than by happenstance, automatic vacatur is not appropriate. *See Am. Games Inc. v. Trade Prod.*, 142 F.3d 1164, 1169 (9th Cir. 1998); *Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir.1996). We therefore remand the case to the district court to consider whether to vacate its injunction under the principles stated in *Ringsby Truck Lines, Inc. v. Western Conference of*

*Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). We note that the closeness of the mootness question before judgment and the fact that the defendants did offer to stipulate before judgment to refrain permanently from condemnation to allow Costco's expansion mitigate heavily in favor of vacatur.

**DISMISSED** and **REMANDED.**

---

**2.** As to these facts, we take judicial notice of the proceedings in the subsequent case of *99 Cents Only Stores v. City of Lancaster*, (C.D.Cal), No. 02–00760 SVW (CTx).

