In re: Patricia A. RINGGOLD, Debtor,

**Patricia A. Ringgold, Appellant–Cross–Appellee,**

v.

**Steven J. Katzman, United States Trustee, Appellee–Cross–Appellant.**

**Nos. 04–56147, 04–56401.**
**D.C. No. CV–04–00178–DSF.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Ron Maroko, Office of the U.S. Trustee, Los Angeles, CA, Eric D. Miller, DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Steven J. Katzman.

Patricia A. Ringgold, Claremont, CA, pro se.

R.App. P. 34(a)(2).

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM**

Chapter 7 debtor Patricia A. Ringgold appeals pro se the district court's order reversing and remanding the bankruptcy court's order denying motions brought by the Trustee, Steven J. Katzman, to dismiss Ringgold's case under 11 U.S.C. § 707(b). Katzman cross-appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Emery v. World Savings & Loan Ass'n (In re Emery)*, 317 F.3d 1064, 1069 (9th Cir.2003). We affirm the district court in part and reverse in part.

The district court properly concluded that the trustee may bring a motion under 11 U.S.C. § 707(b)(1986), even upon the suggestion of a creditor. The phrase "but not at the request or suggestion of any party in interest" qualifies what the court, not the trustee, can do. *See In re Joseph*, 208 B.R. 55 (9th Cir.BAP, 1997).

The district court erred, however, by reading an "independent evaluation" requirement into the statute where none exists in the text. To that extent, we disagree with *In re Morris*, 153 B.R. 559, 563 (Bankr.D.Or.1993), on which the district court relied. Accordingly, that portion of the district court opinion is reversed and remanded for further proceedings

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

---

**AFFIRMED in part; REVERSED and REMANDED in part.**