# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ASSOCIATION OF AMERICAN
PHYSICIANS & SURGEONS, a
nonprofit corporation; MATT
SALMON, a citizen of the State of
Arizona; DEAN MARTIN, a citizen
of the State of Arizona,
    *Plaintiffs-Appellants,*

STEVEN S. POE; CLEAN ELECTIONS
INSTITUTE, INC.,
    *Intervenors-Appellees,*

    and

LORI DANIELS, a citizen of the
State of Arizona,
    *Plaintiff,*

    v.

JAN BREWER, in her official
capacity as Secretary of State of
the State of Arizona; DAVID A.
PETERSSEN, in his official capacity
as Treasurer of the State of
Arizona; TERRY GODDARD, in his
official capacity as Attorney
General of the State of Arizona;
LESLIE LEMON, a member of the
Arizona Citizens Clean Elections
Commission aka Gene Lemon;
DAVID G. MCKAY, a member of
the Arizona Citizens Clean
Elections Commission;

No. 05-15630

D.C. No.
CV-04-00200-EHC

OPINION

KATHLEEN S. DEETRICK, a member
of the Arizona Citizens Clean
Elections Commission; ERMILA
JOLLEY, a member of the Arizona
Citizens Clean Elections
Commission; MARCIA BUSCHING, a
Member of the Arizona Citizens
Clean Elections Commission,
            *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Argued and Submitted
February 12, 2007—San Francisco, California

Filed May 10, 2007

Before: John T. Noonan, Ronald M. Gould, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Noonan

**COUNSEL**

Timothy D. Keller, Tempe, Arizona; William R. Maurer, Seattle, Washington, for the plaintiffs-appellants.

Craig W. Soland, Phoenix, Arizona, for the defendants-appellees.

Deborah Goldberg, New York, New York, for the intervenors-appellees.

**OPINION**

NOONAN, Circuit Judge:

Jan Brewer, the Secretary of State of the State of Arizona and other officials (the State) were sued by the Association of

American Physicians and Surgeons (the Association) and three citizens of Arizona (the Candidates) who challenged the Arizona Citizens Clean Elections Act, A.R.S. § 16-940 et seq., adopted by ballot initiative in 1998 (the Clean Elections Act). The district court dismissed the complaint for failure to state a cause of action. We dismiss as moot the appeal of the Association and of the Candidates.

## *MOOTNESS*

*The Association*. The complaint was filed January 29, 2004. The Association alleged that "it has made independent campaign expenditures in the past, has established a political action committee for that purpose, and desires to make independent campaign expenditures in the upcoming 2004 statewide elections in Arizona." The Association did not allege that its political action committee (its PAC) had been funded; that the PAC had participated in any Arizona election; or that the PAC would participate in any Arizona election. The Association did allege that it "would have made independent expenditures" in past Arizona elections and "intends to make independent expenditures in Arizona in the future," but "fears" that its exercise of its First and Fourteenth Amendments rights "will be deprived" by the Clean Elections Act.

On December 19, 2006, after judgment had been entered against it in the district court, the Association terminated its PAC. The State responded by suggesting that this action mooted the Association's appeal. Before the Association accepted contributions or made expenditures to influence an Arizona election it had to register a PAC, A.R.S. § 16-912(A). The State observed that without a PAC the Association could not make expenditures in Arizona.

The Association responded that it had terminated its PAC because of the burdens put on it by the Clean Elections Act. The Association asserted that "if the Act was not in place and an election occurred in which [the Association] wished to

support or oppose a candidate for office," it "would reconstitute its PAC and fully participate in the political process."

The Association's response is not good enough to keep its claims alive. It refers us to *Clark v. City of Lakewood*, 259 F.3d 996, 1012 (9th Cir. 2001) (licensee's license expired during the pendency of its appeal; its declaration that it intended to reopen if the licensing law was declared unconstitutional was sufficient to make the controversy actual); and to *S. Oregon Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004) (organizer of fairs intended to stage another fair; the case was still alive); and to *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1116-17 (9th Cir. 2003) (the burden of the party suggesting mootness is to show that the court could provide no effective relief). We do not dispute the existence of these precedents. They are inadequate to carry the day for the Association.

**[1]** In *Arizonans For Official English v. Arizona*, 520 U.S. 43 (1997), the United States Supreme Court reminded this court, with some emphasis, that federal courts lack jurisdiction to "adjudicate challenges to state measures absent a showing of actual impact on the challenger." *Id*. at 48. The rule is clear, absolute, and comprehensive. Our courts do not exist to settle abstract questions, interesting and important as they may be. In this case the Association has not unequivocally declared that it will set up a new PAC and enter elections in Arizona if it should win this case. Its stated intentions are hypothetical and contingent on the interest it finds in some indefinite time in some conceivable election. The Association is not engaged in a lawsuit where it alleges actual injury. The Association has mooted out.

**[2]** *The Candidates*. Lori Daniels did not appeal; her case is not before us. Matt Salmon was the Republican candidate for governor of Arizona in the 2002 election. He alleges that he suffered injury in that election by virtue of the Clean Elections Act. He adds that "the unconstitutional nature of the Act

creates a situation that is capable of repetition, yet evading review." He asks for a declaration that the act is unconstitutional, nominal damages in the amount of one dollar; and attorneys' fees. The gravamen of his action is the asserted unconstitutionality of the Act. He alleges no injury that he is suffering or will suffer. The situation he was in as a candidate for governor may, of course, recur. There is no allegation that he will be a candidate. He is not a spokesman for future candidates for governor. His only allegation is that in 2002 he suffered an injury unspecified in dollars or in actual harm. No current controversy exists.

**[3]** The Eleventh Amendment bars his claim for a dollar from the various state defendants, whom he has sued solely in their official capacities. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citations omitted). A fortiori, a request for attorneys' fees does not save his claim from mootness. *See Cammermeyer v. Perry,* 97 F.3d 1235, 1238 (9th Cir. 1996). The law governing the Association's case governs his. His case is moot.

**[4]** Dean Martin alleges that he intends to run for re-election to the Arizona State Senate in 2004, and "perhaps" run for statewide office in 2006. He asks for relief identical to that requested by Salmon. The 2004 and 2006 elections are over. Martin conceivably might have a claim if he alleged that he intended to run again and that the situation of which he complains would repeat itself. *See Foster v. Carson* 347 F.3d 742, 746 (9th Cir. 2003). He does not so allege. Nor are we informed as to what happened in 2006, an election as to which he had expressed an equivocal position. In supplemental briefing, Martin seeks to remedy these lacunae in the record. It is too late. Neither the factual assertions in his supplemental brief nor his declaration are part of the record. Martin's controversy with the State is no more alive than Salmon's.

Mootness is a matter of jurisdiction. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). That the State did not raise the question in regard to the Candidates is not relevant. The State's acquiescence in litigation of the appeal cannot confer jurisdiction on us if no controversy exists.

For the reasons stated, the appeals are DISMISSED AS MOOT.