**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30022 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00012-RRB |
| v. | |
| GLEN REIL PITKA, a.k.a. Arthur Dale Pitka, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Glen Reil Pitka appeals the special condition of supervision requiring him to

participate in sex offender assessment and treatment.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Pitka challenges the condition of supervised release that requires him to participate in an evaluation for sexual deviancy and, if required, sex offender treatment. In a motion filed on October 25, 2016, Pitka states that he has completed the evaluation. Thus, his challenge to that portion of the condition is moot. *See Cammermeyer v. Perry*, 97 F.3d 1235, 1237 (9th Cir. 1996). With respect to the portion of the condition requiring treatment, Pitka argues that the court was required to give a fuller explanation for its necessity because the condition is broad enough to allow plethysmograph testing and, thus, implicates a significant liberty interest. In light of the government's declaration filed on November 28, 2016, in which the government supports its assertion that penile plethysmograph testing is not used in the District of Alaska, we reject this contention. The district court adequately explained its reasons for imposing the condition. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

Pitka finally argues that the district court abused its discretion by imposing the condition because it involves a greater deprivation than is reasonably necessary. We conclude that the district court did not abuse its discretion because, in light of Pitka's circumstances and criminal history, the challenged condition is reasonably related to deterrence and protection of the public, and it does not involve a greater deprivation of liberty than is reasonably necessary. See 18

16-30022

U.S.C. § 3583(d); *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008).

Pitka's motion to stay the challenged condition is denied as moot.

**AFFIRMED.**

16-30022