**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATTHEW CHARLES MITCHELL,

Plaintiff-Appellant,

v.

DAVID TILLETT; et al.,

Defendants-Appellees.

No. 16-17148

D.C. No. 3:15-cv-04044-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted March 16, 2018[**]
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Matthew Mitchell appeals the district court's dismissal of his petition to vacate an arbitral decision penalizing him for a rules violation during the 34th America's Cup. We have jurisdiction under 28 U.S.C. § 1291.

Because it is not possible for us "to grant 'any effectual relief whatever'" to Mitchell, this case is moot. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). We are not able to grant Mitchell relief from the arbitral decision precluding him from participating in four races, because all such races were completed by the end of September 2013. Mitchell does not seek damages and any harm to Mitchell's reputation is "not a sufficient interest to avoid mootness." *Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1075 (9th Cir. 2005). Nor would any claim for attorneys' fees "resuscitate an otherwise moot controversy." *Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996).[1]

**AFFIRMED.**

---

[1] We deny Mitchell's pending motion for judicial notice of a law review article because "a court may not take judicial notice of a fact that is 'subject to reasonable dispute'" and the law review article is a source whose accuracy may be debated and questioned. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)).