MAGILL, Circuit Judge.
This case involves the ongoing battle over a Tyrannosaurus rex fossil nicknamed “Sue,” which was discovered in western South Dakota in August of 1990. We affirm the district court’s [1] order naming the South Dakota School of Mines and Technology as custodian of the fossil pendente lite, finally dispose of all appellate claims, and remand for further proceedings on the merits.
*1044 I. Background
The facts concerning the discovery of this fossil can be found in Black Hills Inst. of Geological Research v. United States Dep’t of Justice, 967 F.2d 1237 (8th Cir. 1992) (No. 92-2252, “Black Hills I”). As part of an investigation into possible alleged criminal violations of, among others, the Antiquities Act, 16 U.S.C. § 433 (1988), federal agents seized the ten-ton fossil on May 14, 1992, and placed it in a building at the South Dakota School of Mines and Technology (“School of Mines”). Shortly thereafter, appellants, Black Hills Institute of Geological Research and Black Hills Museum of Natural History Foundation, Inc., (both “Black Hills”) filed a complaint in the nature of a quiet title action asserting permanent ownership.[2] In conjunction with the quiet title action, Black Hills sought injunctive relief for possession pendente lite asserting the priceless fossil was suffering irreparable deterioration because of the custodian’s lack of expertise, and inadequate and deleterious housing conditions.
The district court denied injunctive relief the day after filing and without a hearing, addressing the matter as an attempt to regain evidence seized in a criminal investigation. Black Hills appealed this denial (Black Hills I). In addition, in this court, Black Hills separately moved, pursuant to Eighth Circuit Rule 8A, for an order granting movants custody of the fossil pending appeal of the denial of the injunctive relief. This court, after briefing and oral argument on the Rule 8A motion only, and without deciding the main issue of the equitable relief denial, remanded the case to the district court for a determination of whether temporary custody of the fossil remain as is or be returned to Black Hills. Black Hills I, 967 F.2d at 1241.
Upon remand, a three-day hearing ensued. Not unlike the dinosaur in size, this hearing built up 628 pages of transcript, with 14 witnesses and 114 exhibits. Six paleontological-type experts testified. Black Hills presented three who testified the fossil is at risk of being irreparably harmed and it must be moved to Black Hills’ premises to avoid this risk. The United States and the Cheyenne River Sioux Tribe as amicus curiae[3] presented three expert witnesses who testified contrariwise and that the risk of harm of moving the fossil outweighs any minimal risk faced by keeping it in its present location. The district court ordered that temporary custody remain in the School of Mines.[4] Black Hills now appeals from this order awarding temporary custody (No. 92-2585, “Black Hills IF’). This opinion addresses both the denial of the preliminary injunction to return custody pendente lite (Black Hills I) and the order on remand designating the School of Mines as temporary custodian of the fossil (Black Hills II).
II. Black Hills II
This court reviews a district court’s findings of fact under the clearly erroneous standard. Paramount Pictures Corp. v. Metro Program Network, Inc., 962 F.2d 775, 777 (8th Cir.1992). Additionally, we give deference to the district court’s credibility determinations. Singleton v. Lockhart, 962 F.2d 1315, 1321 (8th Cir.1992); see Weber v. Block, 784 F.2d 313, 316 (8th Cir.1986) (“Credibility determinations are uniquely within the province of the trier of fact and may ‘virtually never’ be clearly erroneous.”).
After the evidentiary hearing upon remand, the district court concluded that no irreparable damage has occurred to the *1045 fossil and there is no reasonable likelihood the fossil will suffer irreparable damage in the future. The court also concluded that the best interest of all parties, the scientific community, and the public at large is served by allowing the fossil to remain in the custody of the School of Mines.
The district court based these findings on the expert testimony presented at the hearing and its determination of the credibility of those experts. The court concluded that Black Hills’ experts were biased and not credible. The court found that the government’s experts were credible and not biased. Our review of the record reveals the findings of the district court are not clearly erroneous, that there are no errors of law, and the court did not abuse its discretion in ordering the School of Mines to act as temporary custodian of the fossil. We thus affirm.
III. Black Hills I
That outstanding issue in Black Hills I (denial of injunctive relief) still before us, i.e., to return custody pendente lite of the fossil to Black Hills, is herewith dismissed with prejudice. This appellate claim is now subsumed in our decision in Black Hills II, supra, which is now the law of the case. See Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983); Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., 971 F.2d 160 (8th Cir.1992).
IV. Conclusion
In summary, we: 1) affirm the district court’s custody order in Black Hills II; 2) dismiss with prejudice the appeal of the denial of injunctive relief in Black Hills I; and 3) remand for further proceedings on the merits. We are confident that the experienced district judge will exercise firm control over this case so that the case will proceed to determination and that the litigious legal maneuvering that has resulted in several interlocutory matters that we have considered will not recur.

. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

. Black Hills has apparently amended its original complaint. We take no position on these current claims as they now will be properly before the trial court on the merits.

. Black Hills originally named four parties as defendants. By the time the district court issued this order, the United States Department of Justice was the only remaining defendant. The Cheyenne River Sioux Tribe, which was voluntarily dismissed as a defendant, continued to participate as amicus curiae before the district court.

. The district court requested the parties to submit to the court suggestions for court-imposed conditions under which the fossil will be kept. The court also stated it contemplated that the United States Department of Justice would bear ■ all costs of the School of Mines’ temporary custodianship.