Steven RICHARDSON, Petitioner,

v.

CONTINENTAL GRAIN COMPANY;
Director, Office of Workers Compen-
sation Programs, Respondents.

No. 01–71860.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2003.

Decided July 23, 2003.

Meagan A. Flynn, Preston Bunnell & Stone, LLP, Portland, OR, for the petitioner.

Thomas Owen McElmeel, Seattle, WA, for the respondents.

Before: LAY,* WALLACE, and TALLMAN, Circuit Judges.

## OPINION

WALLACE, Senior Circuit Judge.

Richardson petitions for review of the Benefits Review Board's (Board) denial of attorney fees under the Longshore and Harbor Workers' Compensation Act (Act). The Board refused to award fees under 33 U.S.C. § 928(a) for Richardson's back injury claim because he did not "successfully" prosecute the claim, and it refused to award fees under section 928(b) for his knee injury claim because the amount tendered by his employer was greater than the compensation awarded. The Board had jurisdiction under 33 U.S.C. § 921(b)(3). We have jurisdiction over this timely petition pursuant to 33 U.S.C. § 921(c). We deny the petition.

### I.

On May 24, 1996, Richardson injured his knee while working as a grain elevator operator. Continental Grain Company, his employer, voluntarily paid compensation for temporary total disability for the knee injury from October 22, 1997, to January 31, 1998. In September and November of 1996, Richardson injured his back. The

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Company voluntarily paid compensation for temporary total disability for the back injury from December 10, 1996, to May 5, 1997. The Company stopped paying in May, contending that Richardson was fabricating his back injury. On May 21, 1997, the Company received Richardson's claim for compensation for his back injury. Almost two years later, the Company offered to settle both claims for $5,000, but Richardson refused.

Richardson's back and knee claims were consolidated for hearing. The Board concluded that Richardson was entitled to recover $932 for his knee injury. It also found that although Richardson did not fabricate his back injury, this injury ended March 1997. Because the Company stopped paying for the back injury in May 1997, Richardson was not entitled to additional money on his back claim.

 Richardson sought attorney fees under 33 U.S.C. § 928 for both his back and knee claims. The Board denied his request for fees. We do not defer to the Board's interpretation of the Act because it is not a policymaking agency. *Potomac Elec. Power Co. v. Dir., Office of Workers' Comp. Programs*, 449 U.S. 268, 279 n. 18, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980); *Port of Portland v. Dir., Office of Workers' Comp. Programs*, 932 F.2d 836, 838 (9th Cir.1991). Unlike other fee shifting statutes, 33 U.S.C. § 928 states that attorney fees "shall" be awarded, and we review the Board's denial of attorney's fees for errors of law and substantial evidence. *See E.P. Paup Co. v. Dir. Office of Workers' Comp. Programs*, 999 F.2d 1341, 1347, 1354 (9th Cir.1993).

### II.

For his back injury claim, Richardson argues that he is entitled to fees under 33 U.S.C. § 928(a), which states:

> If the employer ... declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation ... on the ground that there is no liability ... and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded ... a reasonable attorney's fee....

This subsection applies to Richardson's claim because the Company "decline[d] to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation." *Id.* Although the Company voluntarily paid temporary total disability compensation for Richardson's back injury, it stopped paying in May, 1997. Later that month, Richardson brought a claim for additional compensation, but the Company offered nothing until almost two years later, well beyond the thirty day limit.

 Fees under subsection (a) are available even though the Company voluntarily paid compensation before receiving notice of the claim. The relevant time period we look to for determining whether the employer "decline[d ] to pay any compensation" begins with receiving notice of the claim, and ends thirty days after. *Pool Co. v. Cooper*, 274 F.3d 173, 186–87 (5th Cir.2001). Because the Company did not offer to pay within thirty days after receiving notice of the claim for additional benefits, subsection (a) fees might be available.

 The problem here is that the Company did not decline to pay; it did nothing. We must decide whether fees under subsection (a) are available even though the Company did not formally refuse to pay during that relevant time period. We hold they are. Otherwise, employers could easily evade fee liability by failing to decline payment formally. Congress must have meant a broader meaning to "declines." *See* OXFORD ENGLISH DICTIONARY

(2d ed.1989) (defining "decline" as "[n]ot to consent or agree to doing, ... hence, practically refuse: but without the notion of active repulse or rejection conveyed by the latter word, and therefore a milder and more courteous expression").

■ Although Richardson satisfied these requirements, he is ineligible for fees under subsection (a) because he failed to show that he successfully prosecuted his claim. Richardson argues that the finding that his back injury was not fabricated makes his prosecution successful since now the Company must pay any future medical care if his back injury resurfaces.

■ We are unaware of case law thoroughly discussing the "successful prosecution" requirement of section 928(a) and none was cited to us. We therefore look for guidance to similar fee-shifting statutes that require a party to "prevail," such as 42 U.S.C. § 1988(b). While a party need not obtain monetary relief to prevail for purposes of such fee-shifting statutes, *Fischer v. SJB–P.D., Inc.,* 214 F.3d 1115, 1118 (9th Cir.2000), he must obtain some actual relief that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Succeeding on an issue alone is insufficient; even obtaining declaratory judgment will not result in the award of fees, unless it causes the defendant's behavior to change for the benefit of the plaintiff. *Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1, (1988) (per curiam); *Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (plaintiff does not prevail even though an interlocutory decision reversing a dismissal stated that plaintiff's rights were violated; to prevail, plaintiff must gain relief of "substance," *i.e.,* more than a favorable "judicial state-

ment that does not affect the relationship between the plaintiff and the defendant").

There was no actual relief here, only the possibility of future relief. *Cf. Wilcox v. City of Reno,* 42 F.3d 550, 555 (9th Cir. 1994) (a plaintiff prevails when the trial court finds a fact with potential collateral estoppel effects *and* recovers nominal damages). Richardson received no relief for his back claim, nominal, injunctive, or otherwise. Because he did not successfully prosecute his back claim under section 928(a), he is not entitled to attorney fees.

### III.

Richardson argues that he is entitled to attorney's fees on his knee injury claim under 33 U.S.C. § 928(b). Under subsection (b), Richardson may recover attorney's fees only if the compensation awarded is "greater than the amount ... tendered by the employer."

Here, the Board awarded Richardson $932 as compensation for his knee injury. The Company offered Richardson $5,000 to settle both his knee and back claims, but Richardson refused. The Board concluded that Richardson is not entitled to attorney's fees because $932 is less than the $5,000 tender.

■ Richardson makes two arguments. First, he contends that the Board erred in comparing the $932 recovery on his knee injury with the entire $5,000 offer to settle. He asserts that recovery of attorney's fees on the knee claim under section 928(b) requires a comparison of $932 with the amount tendered on the knee claim, which is only a fraction of the $5,000 offer. *See Hensley v. Eckerhart,* 461 U.S. 424, 434–35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (for attorney's fees under 42 U.S.C. § 1988, separate claims should be treated as if brought separately). So far, so good: under the statute, like must be compared

to like. But this leaves two options: (1) compare the recovery on his knee claim to the portion of the $5,000 offered for the knee claim, or (2) compare recovery on both claims to the tender for both claims.

 The first option is the most accurate, but it also suffers in this case from problems of proof. How much of the lump-sum offer was for the knee claim? Richardson bears the burden of showing that he is entitled to attorney's fees. *See, e.g., United States v. Campbell,* 291 F.3d 1169, 1171 (9th Cir.2002) (attorney fees under the Hyde Amendment); *Diamond v. John Martin Co.,* 753 F.2d 1465, 1467 (9th Cir.1985) ("the burden of proof is on the party seeking the attorney fee award"). If he wishes to avail himself of the more accurate first option, Richardson has the burden to demonstrate how much of the lump-sum offer was for each claim, especially since he did not object to the nature of the lump-sum offer at the time. Richardson has pointed to no such evidence in the record and we have found none.

Absent such evidence, Richardson is left with the second option: compare the total amount awarded with the total amount offered. We conclude that he is not entitled to fees under this option because $932 (for his knee) plus $0 (for his back) is less than $5,000.

 Richardson's second argument is that the $5,000 offer was not a real "tender" under subsection (b) because it was contingent on his agreeing to drop his back claim, and, under BLACK'S LAW DICTIONARY 1479 (7th ed.1999), a "tender" is "[a]n *unconditional* offer of money or performance to satisfy a debt or obligation." (emphasis added). This argument does not get Richardson very far. Since the $5,000 offer was for both claims, the only contingency was that Richardson drop both claims. The condition of dropping a claim is implicit in all tenders because they are made "to satisfy a debt or obligation."

*Id.* A tender is called an "unconditional" offer only because there are no additional conditions.

Because Richardson is not entitled to attorney fees, he is also not entitled to costs for prosecuting his claim. 33 U.S.C. § 928(d).

PETITION FOR REVIEW DENIED.