**Thomas Allen ROGERS, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; et al., Respondents.**

No. 04–73572.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided Aug. 10, 2006.

Jay Lawrence Friedheim, Esq., Honolulu, HI, for Petitioner.

Carol Dedeo, Associate Solicitor, United States Department of Labor, Michael Niss, Richard A. Seid, Office of Workers' Compensation Programs, U.S. Department of Labor, Washington, DC, for Respondents.

Before B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

MEMORANDUM *

Attorney Jay Friedheim petitions for review a final order of the Benefits Review Board (the "Board") denying attorney's fees under the Longshore and Harbor Workers' Compensation Act. We have jurisdiction pursuant to 33 U.S.C. § 921(c) and deny the petition.

Because the parties are familiar with this case, we do not recite them in detail. On January 25, 2000, Rogers, a longshoreman, sustained injuries to his cervical spine, lower back, and right arm. The injuries allegedly left him disabled at least temporarily, and his employer, Hawai'i Stevedores, voluntarily paid him temporary total disability benefits from January

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

26, 2000 through March 14, 2001, totaling $52,724.08. Rogers sought additional benefits beginning March 15, 2001, which the employer controverted. Rogers (without counsel) and his employer eventually settled the additional claim for $3,000. The settlement was submitted to an administrative law judge ("ALJ") for approval.

The ALJ conducted a hearing in advance of approving the settlement. By this time, Rogers had retained counsel, Jay Friedheim. Friedheim disputed the adequacy of the $3,000 payment, and the ALJ agreed to leave the matter open so that counsel could submit additional documentation to support that contention. When no such evidence was proffered, the ALJ approved the settlement, determining that Rogers was no longer disabled and that the agreement was not produced by duress.

The ALJ denied a motion for reconsideration, and Rogers appealed to the Board. The Board vacated the order approving the settlement agreement and held that the agreement was rescinded by Rogers prior to its approval. The Board, having invalidated the settlement agreement, remanded the case.

Meanwhile, Friedheim submitted a request for attorney's fees to the Board. The Board denied the request in a two-page order, noting that although Rogers was successful in annulling the settlement agreement, "the extent of that success is not yet ascertained.... Counsel may, however, re-submit an attorney fee application once the remaining issues have been resolved and the extent of [Rogers'] success has been determined."

On remand, the case was assigned to a second ALJ, who conducted a full evidentiary hearing and determined that no additional benefits were due. Friedheim did not appeal that determination but did seek attorney's fees, which the Board again de-

nied, reasoning that Rogers had not secured additional benefits for his client. Friedheim filed a timely notice of appeal.

We review the Board's decisions for legal error and adherence to the substantial evidence standard. *Metro. Stevedore Co. v. Crescent Wharf and Warehouse Co.*, 339 F.3d 1102, 1105 (9th Cir.2003). Interpretations of the Longshore Act by the Board are reviewed de novo. *Id.* Although we generally respect the Board's interpretation of the statute where such interpretation is reasonable and reflects the policy underlying the statute, *see id.*, we are not required to defer to the Board's interpretation of the Longshore Act, as the Board is not a policymaking agency. *Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1105 (9th Cir.2003).

Attorney's fees under the Longshore Harbor Workers' Compensation Act are awarded pursuant to 33 U.S.C. § 928:

> If the employer or carrier *declines to pay any compensation* ... on the ground that there is no liability for compensation within the provisions of this chapter and the person seeking benefits shall thereafter have utilized the services of an attorney at law *in the successful prosecution of his claim,* there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

*Id.* § 928(a) (emphases added).

In *Richardson*, we held that "while a party need not obtain monetary relief to prevail for purposes of such fee-shifting statutes ... he must obtain some actual

relief that 'materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" 336 F.3d at 1106 (citations omitted). The question is whether Friedheim's representation brought about a material change in the relationship between Rogers and the Hawai'i Stevedores that directly benefitted Rogers.

Although Friedheim successfully represented his client in annulling a settlement agreement, he has not successfully prosecuted any particular claim for benefits or otherwise exposed the employer to liability under the Longshore Act. On remand, an ALJ conducted a full evidentiary hearing, determining that Rogers is not entitled to any additional indemnity or medical benefits. That issue was never appealed.

Friedheim could certainly recoup fees if, at some point in the future, his client prevailed in seeking additional benefits; however, such an eventuality seems uncertain at this time. Because "[t]here was no actual relief here, only the possibility of future relief," *Richardson*, 336 F.3d at 1106, we deny the petition for review.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] At oral argument, there was some question whether Friedheim's efforts brought about biweekly long-term disability insurance payments of $890. The record makes clear that those payments were instituted prior to this litigation for a separate injury and are unrelated to Friedheim's involvement.