**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRUCE W. CHRISTENSEN,
            *Petitioner,*

    v.

DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS;
STEVEDORING SERVICES OF AMERICA;
HOMEPORT INSURANCE CO.,
            *Respondents.*

No. 07-70247

OWCP No.
BRB 03-0302
District of Oregon,
Portland

AREL PRICE,
            *Petitioner,*

    v.

U.S. DEPARTMENT OF LABOR;
STEVEDORING SERVICES OF AMERICA;
HOMEPORT INSURANCE CO.; EAGLE
PACIFIC INSURANCE COMPANY,
            *Respondents.*

No. 07-70297

OWCP No.
BRB 01-0632
District of Oregon,
Portland

DAVID VAN SKIKE,
            *Petitioner,*

    v.

DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS; CENEX
HARVEST STATES COOPERATIVE;
LIBERTY NORTHWEST INSURANCE
CORP.,
            *Respondents.*

No. 07-73886

BRB Nos.
06-0904
07-0118
District of Oregon,
Portland

10757

Rex Dyer,
                    *Petitioner,*

          v.

Cenex Harvest States
Cooperative; Director, Office of
Workers Compensation Programs,
                    *Respondents.*

No. 07-73549

OWCP No.
07-0164

District of Oregon,
Portland

ORDER

Filed August 10, 2009

Before: William A. Fletcher and Raymond C. Fisher,
Circuit Judges, and John M. Roll, Chief District Judge.*

**ORDER**

The above-captioned cases are consolidated for the purpose
of resolving the opposed motions for appellate attorney's fees
pending in each case.

In these appeals, petitioners Bruce Christensen, Arel Price,
David Van Skike and Rex Dyer challenged the attorney's fees
awarded to them under 33 U.S.C. § 928(a) after they were
successful in obtaining benefits from their employers under
the Longshore and Harbor Workers' Compensation Act
("LHWCA"), 33 U.S.C. §§ 901-950. In a series of published
opinions, we held, inter alia, that the methodology employed
by the Benefits Review Board and other agency decision
makers in determining the reasonable hourly rate for attor-
ney's fees under the LHWCA was flawed, we vacated the fee
awards, and we remanded for further proceedings to deter-

*The Honorable John M. Roll, United States District Judge for the Dis-
trict of Arizona, sitting by designation.

mine the reasonable hourly rate. *See Dyer v. Cenex Harvest States Co-op.*, 563 F.3d 1044 (9th Cir. 2009); *Christensen v. Stevedoring Servs. of Amer.*, 557 F.3d 1049 (9th Cir. 2009); *Van Skike v. Dir., OWCP*, 557 F.3d 1041 (9th Cir. 2009).

Charles Robinowitz represented petitioners throughout the administrative proceedings and prepared the briefs in each of these appeals. Joshua T. Gillelan II argued the cases before us. Petitioners now seek attorney's fees under 33 U.S.C. § 928(a) for the time their attorneys spent on the appeals. Robinowitz and Gillelan submitted separate attorney's fees applications for each appeal. For the reasons stated below, we grant the applications for appellate attorney's fees and refer the determination of an appropriate amount of fees to the court's special master, Appellate Commissioner Peter L. Shaw, *see* 9th Cir. R. 39-1.9.

**1.** We reject respondents' contention that Gillelan's fee requests in *Van Skike*, *Christensen* and *Price* were untimely. All three cases had been consolidated for oral argument, but only *Christensen* and *Price* had been consolidated as a single appeal. Gillelan timely submitted a single fee request for *Van Skike*, *Christensen* and *Price*, which the clerk struck, because Gillelan needed to submit a separate fee request for *Van Skike*. We conclude that Gillelan's subsequent filings correcting this technical error relate back to the date of the initial, stricken filing and are therefore timely.

**2.** We reject respondents' argument that Gillelan's fee requests should be denied because he has not submitted evidence demonstrating petitioners authorized his representation. 33 U.S.C. § 928(a) authorizes an award of "a reasonable attorney's fee against the employer or carrier in an amount approved by the . . . court." The implementing regulation, entitled "Fees for services," provides that "[a]ny person seeking a fee for services performed on behalf of a claimant with respect to claims filed under the Act shall make application therefor to the district director, administrative law judge,

Board, or *court*, as the case may be, *before whom the services were performed*." 20 C.F.R. § 702.132(a) (emphases added). Gillelan provided services for petitioners and has applied to us for appellate fees, so he has complied with the plain terms of these provisions.

20 C.F.R. § 702.131(a), which is entitled "Representation of parties in interest," provides that "[c]laimants, employers and insurance carriers may be represented in any proceeding under the Act by an attorney or other person previously authorized in writing by such claimant, employer or carrier to so act." Respondents did not object to Gillelan's notice of appearance or suggest prior to oral argument that he had failed to comply with § 702.131(a). Even if an attorney's entitlement to fees under § 702.132(a) is implicitly dependent on compliance with § 702.131(a), respondents have waived any objection they might have as to whether Gillelan was authorized to represent claimants under § 702.131(a). At this point, there is no doubt Gillelan *did* represent petitioners' interests in these appeals, which is the only precondition that § 702.132(a) establishes for recovering attorney's fees. Because respondents waived any objection under § 702.131(a), we express no opinion whether an attorney may recover attorney's fees if the employer *timely* objects under § 702.131(a) and the attorney then fails to provide documentation that the claimant authorized the representation.

**3.** We disagree with respondents' contention that the fee requests in each appeal are premature because petitioners have not established their entitlement to an hourly rate higher than what the agency awarded below. Respondents reason that petitioners have not necessarily prevailed in these appeals, because they might receive the same hourly rate on remand. This argument overlooks that petitioners' primary argument in *Christensen/Price* and *Van Skike*, and one of petitioner's two main arguments in *Dyer*, was that the agency was artificially depressing the reasonable hourly rate for the LHWCA bar by relying exclusively on past LHWCA fee

awards and refusing to look at market evidence when determining a reasonable hourly rate. Petitioners unquestionably prevailed on this issue, because we invalidated the agency's methodology. On remand, the agency decision makers will evaluate petitioners' requested hourly rate based on market considerations rather than past LHWCA fee awards, which is the primary relief petitioners sought *in these appeals. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (holding "a 'prevailing party' is one who has been awarded some relief by the court"). Because petitioners prevailed in these appeals, regardless of whether the agency increases the reasonable hourly rate on remand, their applications for appellate attorney's fees are not premature.

*Richardson v. Continental Grain Co.*, 336 F.3d 1103 (9th Cir. 2003), upon which respondents rely, is inapposite. The issue in that case was whether the LHWCA's fee-shifting provision, § 928(a), had been triggered, so our opinion focused only on whether petitioner had successfully prosecuted his claim for benefits under the LHWCA. *See id.* at 1105-06. Here, it is undisputed that petitioners successfully prosecuted their underlying claims for benefits, so their entitlement to employer-paid attorney's fees under § 928(a) is already settled.

**4.** The determination of an appropriate amount of attorney's fees is referred to the court's special master, Appellate Commissioner Peter L. Shaw, who shall conduct whatever proceedings he deems appropriate, and who shall have authority to enter an order awarding fees. *See* 9th Cir. R. 39-1.9. The order is subject to reconsideration by the panel. *See id.*

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.