FILED

**NOT FOR PUBLICATION**

JUN 27 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SSA TERMINALS, LLC and HOMEPORT INSURANCE, | No. 14-70201 |
| Petitioners, | BRB No. 13-0055 |
| v. | MEMORANDUM* |
| RONNIE BELL and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, | |
| Respondents. | |

| | |
|---|---|
| RONNIE BELL, to the Use of Eric A. Dupree, | No. 14-70218 |
| Petitioner, | BRB No. 13-1055 |
| v. | |
| SSA TERMINALS, LLC; et al., | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 12, 2016[]
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges and MURPHY,[***] District Judge.

In case number 14-70201, employer SSA Terminals and its insurer Homeport Insurance Company challenge the Benefits Review Board's ("BRB's") decision granting employee Ronnie Bell attorney's fees under the fee-shifting provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928, ("LHWCA"). In case number 14-70218, Bell challenges the BRB's decision upholding the ALJ's determination of his counsels' hourly rates. We affirm the BRB's decision in both cases.

On August 31, 2009, Bell injured his knee in a work-related accident. He timely filed a claim for disability benefits, and the District Director of the United States Department of Labor's Office of Workers' Compensation Programs recommended that SSA Terminals pay the claim. Despite this recommendation, SSA Terminals declined to pay Bell any benefits within thirty days of receiving

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

notice of his claim. On October 8, 2010, more than one year after Bell sustained his injury, SSA Terminals paid him some of the retroactive disability benefits it owed to him, and set up a schedule to pay him the remaining outstanding benefits. On November 29, 2010, SSA Terminals agreed to pay Bell ongoing future permanent partial disability benefits in order to compensate him for his permanent partial injury, leaving only issues concerning attorney's fees remaining before the Administrative Law Judge ("ALJ").

**Award of Attorney's Fees, Case No. 14-17201**:

1.      SSA Terminals argues that the BRB erred in determining that Bell's claims were properly before it because Bell raised fee-shifting claims that related only to the interests of his counsel Eric Dupree, but did not include Dupree as a party to the litigation in the case's caption. SSA Terminals further contends that the BRB's failure to name Dupree in the case caption caused it harm because by the time it realized that attorney's fees were in issue, the deadline for filing a cross-appeal had lapsed.

This court reviews the BRB's legal determinations de novo. *Stevens v. Dir., OWCP*, 909 F.2d 1256, 1257 (9th Cir. 1990). Under the applicable regulation governing claims brought before the BRB, 20 C.F.R. § 802.201(a), a party includes a "party-in-interest adversely affected . . . by a decision [issued by the ALJ]."

3

Because Dupree was adversely affected by the ALJ's decision, he is a party-in-interest and therefore included as a party to the litigation regardless of whether his name was in the case caption. 20 C.F.R. § 802.201(a). In addition, this court has heard multiple cases under the LHWCA where only the claimant's name appeared in the caption, but where the real party-in-interest was the attorney seeking legal fees. *See, e.g., Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049 (9th Cir. 2009); *Van Skike v. Dir., OWCP*, 557 F.3d 1041 (9th Cir. 2009). Because the only issues before the ALJ were fee-related, SSA Terminals could not have been unfairly surprised that Bell appealed fee-related issues. The BRB therefore did not err in determining that Bell's appeal was properly captioned and properly before it.

2.      The BRB did not err in determining that SSA Terminals was liable for Bell's attorney's fees after the date on which SSA Terminals paid Bell some of the benefits it owed to him. Section 928(a) of the LHWCA allows for a successful employee to recover reasonable attorney's fees when the employer failed to pay the claim outright within thirty days of receiving notice of it. *Dyer v. Cenex Harvest States Co-op.*, 563 F.3d 1044, 1047 (9th Cir. 2009). For purposes of assessing an employer's liability for attorney's fees under § 928(a), the only relevant period is the thirty-day window after an employer is noticed of an employee's claim. *Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1105 (9th Cir. 2003). Section

4

928(a) allows an employee to receive legal fees for the duration of his litigation against the employer. *See Dyer*, 563 F.3d at 1049.

Bell successfully prosecuted his claim because he "obtain[ed] some actual relief that 'materially alter[ed] [his] legal relationship'" with SSA Terminals. *Richardson*, 336 F.3d at 1106 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). Because Bell successfully prosecuted his claim and because SSA Terminals refused to pay it within the first thirty days of receiving notice of it, Bell's claim for attorney's fees is governed by § 928(a), and SSA Terminals is liable for all of Bell's attorney's fees, including those incurred after October 8, 2010.

**Calculation of Attorney's Fees Award, Case Number 14-70218:**

1.      The BRB did not err in upholding the ALJ's determination of Dupree's and co-counsel Paul Myers' market rates. This court cannot disturb the BRB's factual determinations unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Shirrod v. Dir., OWCP*, 809 F.3d 1082, 1086 (9th Cir. 2015) (citation omitted). The BRB must accept the ALJ's factual findings unless they are "contrary to law, irrational, or not supported by substantial evidence." *Id.*

An attorney's hourly rate is to be calculated "'according to the prevailing market rates in the relevant community' and should be 'in line with [the rates] prevailing in the community for similar services by lawyers of reasonably comparable skill.'" *Id.* (quoting *Christensen*, 557 F.3d at 1053). The fee applicant has the burden of producing "satisfactory evidence" of the relevant market rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). However, a decisionmaker calculating an attorney's market rate has "a great deal of discretion," *id.* at 978 (citation omitted), and provided that it explains how it reaches the rate determinations it does make, it need not adopt the fee applicant's evidence if it decides that it is not reflective of the market rate, *see Van Skike*, 557 F.3d at 1047. Because the ALJ relied on the evidence Bell submitted and explained its determination of the prevailing hourly rates it assigned, it did not abuse its discretion in reducing the rates Bell requested. *See id.*

2.     The BRB did not err in upholding the ALJ's decision disallowing time spent by Bell's attorneys directing the performance of clerical tasks. Under *Staffile v. Int'l Terminal Operating Co., Inc.*, 12 BRBS 895 (October 16, 1980), an attorney may not bill for time he spends on clerical tasks because this time is already included in his overhead. We agree. Bell argues that there is a distinction between the performance of clerical tasks and the instruction of clerical staff in the

performance of these tasks. However, Bell cites no case drawing this distinction. Because the time spent instructing clerical staff should also be included in an attorney's overhead, we see no reason to draw such a distinction.

3.      Bell challenges the BRB's affirmance of the ALJ's decision not to consider Bell's reply to SSA Terminals' opposition to his supplemental fee application. The ALJ refused to consider Bell's reply because under the regulation regarding motions practice before the ALJ, 29 C.F.R. § 18.6 (b), a litigant must obtain permission from the ALJ before filing a reply to an opposition motion. Because Bell neither requested nor received such permission, the BRB did not err.

4.      Bell challenges the BRB's opinion upholding the ALJ's decision declining to consider additional evidence of prevailing market rates that Bell submitted with his motion for reconsideration. Because this evidence was available when Bell initially briefed his issues before the ALJ, the BRB did not err. *See Kona Enters.*, *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (stating that in civil litigation, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

**AFFIRMED.**