**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE A. BERRY, | No. 23-15551 |
| *Plaintiff-Appellant*, | D.C. No. 2:21-cv-01977-JCM-BNW |
| v. | |
| AIR FORCE CENTRAL WELFARE FUND; AIR FORCE INSURANCE FUND, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 17, 2024[*]
Phoenix, Arizona

Filed August 29, 2024

Before: Susan P. Graber, Roopali H. Desai, and Ana de
Alba, Circuit Judges.

Opinion by Judge Desai

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

**Longshore and Harbor Workers' Compensation Act**

The panel affirmed the district court's denial of Catherine Berry's motion for attorneys' fees and dismissal, as moot, of her action against her employer and its insurer to enforce administrative default orders against them for disability benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act").

After Berry sued in district court, the defendants voluntarily paid her the full amount they owed her, including penalties and interest, and sought to dismiss the case as moot. Berry requested an award of attorneys' fees under 33 U.S.C. § 928(a), which allows a claimant to recover fees incurred "in the successful prosecution of" a claim for compensation under the Longshore Act, and argued that the case was not moot because of her pending fee request.

The panel held that Berry's claim was moot because she does not dispute that the defendants paid her the full amount they owed her, and she sought no other compensation. The panel rejected Berry's claim that the case was live because she was entitled to attorneys' fees incurred in the district court. Attorneys' fees are ancillary to the underlying action, and the existence of an attorneys' fees claim does not resuscitate an otherwise moot controversy.

The panel held that Berry was not entitled to fees under § 928(a). She did not "successfully prosecute" her claim

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

because the defendants' voluntary conduct mooted the case, and Berry obtained no judicially sanctioned relief in the district court. The panel rejected Berry's contention that she successfully prosecuted her claim because her lawsuit was the catalyst for the defendants' voluntary payment. The panel held that the catalyst theory is unavailable to a party seeking fees under § 928(a).

## COUNSEL

Norm D. Cole, Brownstein Rask LLP, Portland, Oregon; George F. Hand, Branton Hand Page & Sullivan LLC, Las Vegas, Nevada; for Plaintiff-Appellant.

Jim Fang and Stephen R. Hanson, II, Assistant United States Attorneys; Robert L. Ellman, Appellate Chief; Jason M. Frierson, United States Attorney; United States Department of Justice, Office of the United States Attorney, Las Vegas, Nevada; for Defendants-Appellees.

## OPINION

DESAI, Circuit Judge:

Catherine Berry sued her employer, Air Force Central Welfare Fund, and its insurer, Air Force Insurance Fund, in the district court to enforce administrative default orders against them for disability benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"). After Berry sued, the defendants voluntarily paid her the full amount they owed her, including penalties and interest. Berry sought attorneys' fees under 33 U.S.C. § 928(a), which allows a claimant to recover fees incurred "in the successful prosecution of" a claim for compensation under the Longshore Act. The district court denied Berry's motion for attorneys' fees and dismissed her complaint as moot. Berry contends that she "successful[ly] prosecut[ed]" her claim because her lawsuit was the catalyst that brought about the defendants' voluntary payment. We hold that the catalyst theory is unavailable to a party seeking fees under § 928(a). We also hold that Berry's request for fees did not revive her moot claim. We therefore affirm.

## Background

Berry worked for the Airforce Central Welfare Fund at Lackland Air Force Base in Nevada. After she fell and injured herself at work, she filed a claim against the defendants for disability benefits under the Longshore Act. Relying on the parties' stipulation, an administrative law judge ("ALJ") awarded Berry benefits in 2015. The ALJ also awarded Berry her attorneys' fees incurred in obtaining the award.

The defendants paid Berry's disability benefits for four years. But in 2019, they stopped paying Berry "after identifying suitable alternative employment" for her. Berry requested a declaration of default from the Department of Labor ("Department"), arguing that the defendants defaulted on their payment obligations under the ALJ's compensation order. A district director for the Department declared the defendants in default and ordered them to pay overdue benefits plus penalties, and later issued a supplemental declaration of default ordering the defendants to pay a total of $88,105.01. The district director also awarded Berry the attorneys' fees she incurred to secure the default orders.

Berry sued in federal court under 33 U.S.C. § 918(a). That statute allows a claimant who has obtained a supplemental default order from the Department to file the order in district court, and the court must "enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." 33 U.S.C. § 918(a). Berry sought a judgment for the amount in the district director's supplemental default order. After Berry sued, the defendants paid all compensation they owed her, including penalties and interest. The defendants then moved to dismiss the case as moot. Berry requested an award of attorneys' fees under § 928(a) and argued the case was not moot because of her pending fee request.

A magistrate judge issued a report and recommendation ("R&R") denying Berry's fee request and dismissing the case as moot. Berry objected to the R&R. The district court adopted the R&R, denied Berry's motion for attorneys' fees, and dismissed the case as moot. It held that Berry did not "successful[ly] prosecut[e]" her claim under § 928(a) because "[n]o proceeding in this court gave a party any legal

right or obligation it did not already have." Berry timely appealed.

## Standard of Review

We review de novo the district court's dismissal of the complaint as moot. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 861 (9th Cir. 2017). We also review de novo the district court's determination that Berry was not entitled to fees under § 928(a) on the ground that she did not successfully prosecute her claim in the district court. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 952 (9th Cir. 2007) ("Any elements of legal analysis that figure into the fee determination are subject to de novo review.").

## Discussion

### I. Berry's claim is moot.

A case is moot "if no present controversy exists" on which the court can grant relief. *Back v. Sebelius*, 684 F.3d 929, 931 (9th Cir. 2012) (quoting *Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012)); *see also* U.S. Const. art. III, § 2, cl. 1. A claim for damages is generally live if any amount, however small, is still in dispute. *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Emps.*, 466 U.S. 435, 442 (1984). But a case becomes moot if the plaintiff "actually receives all of the relief to which he or she is entitled on the claim." *Chen v. Allstate Ins.*, 819 F.3d 1136, 1145 (9th Cir. 2016) (emphasis omitted); *see S. Cal. Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1035–36 (9th Cir. 2009) (holding that a union's claim for back dues was moot because the employer paid the back dues, so the union "would not recover any damages"). That is so here.

Berry does not dispute that the defendants paid her the full amount they owed her. She seeks no other compensation or interest, nor does she argue that she is entitled to any other damages. Instead, Berry contends that the case is live because she is entitled to attorneys' fees she incurred in the district court. But attorneys' fees are "ancillary to the underlying action." *United States v. Ford*, 650 F.2d 1141, 1144 (9th Cir. 1981). "The existence of an attorneys' fees claim thus does not resuscitate an otherwise moot controversy." *Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996).[1]

Berry suggests that a district court cannot dismiss a § 918(a) action as moot. She correctly notes that a district court's role in a § 918(a) case is merely to decide "whether the [supplemental default] order was in accordance with law" and to "enter judgment for the amount declared in default." *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1142 (9th Cir. 2002) (quoting 33 U.S.C. § 918(a)). In her view, judgment is "mandatory" under the statute even if the compensation has been paid in full. We disagree. A § 918(a) case is not exempt from Article III and prudential jurisdictional requirements, including mootness principles. To the contrary, "whether the plaintiff has made out a 'case or controversy' . . . within the meaning of Art. III . . . is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

We affirm the district court's dismissal of Berry's claim as moot.

---

[1] Berry also argues in her reply brief that the case is not moot because the defendants' payment was effectively an "unaccepted settlement offer." But the defendants did not *offer* to pay Berry—she concedes that they paid her in full.

## II. Berry did not "successful[ly] prosecut[e]" her claim in district court and thus is not entitled to fees.[2]

Berry sought attorneys' fees under 33 U.S.C. § 928(a). That statute allows a plaintiff to recover attorneys' fees if she used an attorney "in the successful prosecution of" a disputed claim for compensation. 33 U.S.C. § 928(a). "The criteria for entitlement" under the statute are: "(1) the claim is disputed, (2) the claimant utilizes the services of counsel, and (3) the claim is successfully prosecuted." *Ford Aerospace & Commc'ns Corp. v. Boling*, 684 F.2d 640, 642 (9th Cir. 1982). A court may grant these fees only "for the work done before it," not for work done in prior proceedings. 33 U.S.C. § 928(c); *see also Stevedoring Servs. of Am. v. Price*, 432 F.3d 1112, 1113–14 (9th Cir. 2006).

The parties dispute only whether Berry successfully prosecuted her claim in the district court. We have interpreted "successful prosecution" under § 928(a) by looking "to similar fee-shifting statutes that require a party to 'prevail,' such as 42 U.S.C. § 1988(b)." *Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1106 (9th Cir. 2003). To prevail for purposes of such fee-shifting statutes, a plaintiff "must obtain some actual relief that 'materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). In other words, "a 'prevailing party' is one who

---

[2] Even though the case became moot, the district court had jurisdiction to consider Berry's fee request. *See Cammermeyer*, 97 F.3d at 1238 (explaining that "claims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot" (alteration omitted) (quoting *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir. 1980))).

has been awarded some relief by the court." *Christensen v. Dir., Off. of Workers Comp. Programs*, 576 F.3d 976, 979 (9th Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)).

Berry obtained no relief from the district court. She instead argues that she was "successful" in the district court because, after she filed a complaint, the defendants "paid all compensation, penalties, and interest" they owed her. That is, Berry relies on "the 'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601. In *Buckhannon*, the Supreme Court rejected the catalyst theory as a basis for recovering fees under two "prevailing party" fee-shifting statutes. *Id.* at 610. The Court explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605 (emphasis omitted). Thus, to qualify as a prevailing party, the plaintiff must obtain a "*judicially sanctioned* change in the legal relationship of the parties." *Id.* (emphasis added). We later held that "the Court's analysis in *Buckhannon* applies to statutes other than the two at issue in that case," including 42 U.S.C. § 1988. *Bennett v. Yoshina*, 259 F.3d 1097, 1100 (9th Cir. 2001).

*Buckhannon* likewise applies to § 928(a). Although we have not addressed directly whether the catalyst theory is available to a claimant seeking § 928(a) fees, we have used *Buckhannon*'s definition of "prevailing party" when considering a fee request under § 928(a). *See Christensen*, 576 F.3d at 979. We also have consistently applied *Buckhannon* to require a party to obtain judicially sanctioned

relief to qualify as a prevailing party under similar fee-shifting statutes. *See, e.g.*, *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1173 (9th Cir. 2007) (applying *Buckhannon* to the Individuals with Disabilities Education Act's fee-shifting statute and holding that the plaintiffs did not prevail because the parties' settlement agreement lacked the necessary "judicial sanction"); *Carbonell v. INS*, 429 F.3d 894, 900–01 (9th Cir. 2005) (holding that a party prevailed under the Equal Access to Justice Act's fee-shifting provision because he obtained relief through a stipulation that was incorporated into a court order and thus was "stamped with some 'judicial imprimatur'").[3] We now expressly hold that *Buckhannon* applies to requests for fees under § 928(a). Because Berry relies only on the defendants' voluntary conduct without the necessary "judicial imprimatur," she is not a successful party and cannot recover fees. *Bennett*, 259 F.3d at 1101; *Buckhannon*, 532 U.S. at 605.

Berry argues that *Buckhannon* does not control because it interpreted statutes with the phrase "prevailing party," not "successful prosecution." But that is a distinction without a difference. As noted above, we have looked to § 1988 for guidance as a "similar fee-shifting statute" when interpreting

---

[3] We have declined to apply *Buckhannon* only when, unlike here, the relevant statutory text is broader than merely allowing a prevailing or successful party to recover fees. *See, e.g.*, *Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 885 (9th Cir. 2004) (holding that *Buckhannon* does not apply to a fee-shifting statute allowing parties to recover fees "whenever the court determines such award is appropriate"); *Poulsen v. Dep't of Def.*, 994 F.3d 1046, 1052 (9th Cir. 2021) (still applying the catalyst theory in Freedom of Information Act ("FOIA") cases because Congress amended FOIA's fee-shifting provision post-*Buckhannon* to allow parties to recover fees when they show a "voluntary or unilateral change in position by the agency" and their "claim is not insubstantial").

§ 928(a). *Richardson*, 336 F.3d at 1106. And courts often use "successful" and "prevailing" interchangeably when addressing fee-shifting statutes. *See, e.g.*, *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) (explaining that "prevailing party" under the Copyright Act of 1976 means fees are available for "either successful prosecution or successful defense" of the case); *see also Party*, Black's Law Dictionary (12th ed. 2024) (defining prevailing party: "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . . Also termed *successful party*."); *id.* (defining successful party: "See *prevailing party*."). The term successful "prosecution" (versus successful "party") simply signals that only a successful *claimant* can recover fees under the Longshore Act.

Berry alternatively relies on *Clark v. City of Los Angeles*, 803 F.2d 987, 989 (9th Cir. 1986), for the proposition that a plaintiff "need not obtain formal relief in order to enjoy prevailing party status." There, the plaintiffs brought a civil rights case challenging police harassment. *Id.* at 988. The plaintiffs won at trial, but on appeal the case was remanded for a new trial because of an evidentiary issue. *Id.* at 988–89. To avoid another trial, the plaintiffs voluntarily dismissed the case. *Id.* at 989. This court affirmed the district court's holding that the plaintiffs "prevailed" for purposes of a fee award under § 1988 because the harassment they suffered "ended with the jury verdict." *Id.* at 990. "Although the damage award was reversed on appeal," the plaintiffs had significant success in the district court (including obtaining a preliminary injunction and winning a jury trial). *Id.* at 988–90. In contrast here, Berry obtained no relief from the district court. Even so, to the extent that *Clark* endorsed the catalyst theory, it is no longer good law because it is "clearly

irreconcilable" with *Buckhannon*. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *see also Bennett*, 259 F.3d at 1100–01 (explaining that *Buckhannon* "overturned" prior precedent allowing a plaintiff to recover fees as a prevailing party "if the plaintiff's action acted as a catalyst to achieve the sought-after result"). Indeed, *Buckhannon* made clear that a party cannot "prevail" under similar fee-shifting statutes based on the catalyst theory. We thus overrule *Clark* to the extent that it held otherwise.

In sum, we affirm the district court's holding that Berry is not entitled to fees under § 928(a). Berry did not "successfully prosecute" her claim because the defendants' voluntary conduct mooted the case, and Berry obtained no judicially sanctioned relief in the district court.

**AFFIRMED.**