NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE M. WHALEN; KATHERINE ARCELL; JOSE BRITO; JAN MARIE BROWN; ROSEMARY D'AUGUSTA; BRENDA DAVIS; PAM FAUST; CAROLYN FJORD; DONALD C. FREELAND; DONALD FRY; GABRIEL GARAVANIAN; HARRY GARAVANIAN; JOCELYN GARDNER; VALERIE JOLLY; MICHAEL MALANEY; LENARD MARAZZO; LISA MCCARTHY; TIMOTHY NIEBOR; DEBORAH PULFER; BILL RUBINSOHN; SONDRA RUSSELL; JUNE STANSBURY; CLYDE DUANE STENSRUD; GARY TALEWSKY; PAM WARD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALBERTSONS COMPANIES, INC.; THE KROGER CO., DBA Fred Meyer, Inc.; CERBERUS CAPITAL MANAGEMENT, LP, <br><br> Defendants - Appellees. | No. 25-1324 <br><br> D.C. No. 3:23-cv-00459-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted May 19, 2026
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Plaintiffs are a group of 24 private individuals. They brought a claim under Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18, seeking injunctive relief to block a merger between Defendants The Kroger Co. ("Kroger") and Albertsons Companies, Inc. ("Albertsons"). After the companies formally abandoned the merger, the district court dismissed Plaintiffs' case as moot. The district court also denied Plaintiffs' motion for attorney's fees. We affirm.

On October 13, 2022, Kroger signed an agreement to purchase Albertsons (the "Merger Agreement"). Three months later, Plaintiffs filed this lawsuit. The Federal Trade Commission ("FTC") and several states subsequently filed antitrust suits seeking to block the merger in various state and federal courts. On March 11, 2024, the district court issued an order that stayed Plaintiffs' lawsuit pending the outcome of the separate FTC action. In December 2024, the FTC obtained a preliminary injunction that blocked the merger. *FTC v. Kroger Co.*, No. 3:24-cv-00347, 2024 WL 5053016, at *1, *30 (D. Or. Dec. 10, 2024). Within days of that injunction, Kroger and Albertsons announced that they had abandoned the merger, notified the FTC that they had terminated the Merger Agreement, and withdrew the regulatory

filings required for the merger-approval process. Following that abandonment, the FTC and various states dismissed their antitrust suits. *See* Order Dismissing Complaint, *In re Kroger Co. and Albertsons Cos., Inc.*, No. 9428 (FTC Dec. 27, 2024); *see also State ex rel. Weiser v. Kroger Co.*, No. 24CV30459, 2025 Colo. Dist. LEXIS 34 (Colo. D. Ct. Mar. 5, 2025).

Kroger and Albertsons then moved to dismiss Plaintiffs' case as moot because they had abandoned the merger. The district court granted that motion, and Plaintiffs timely appealed. On appeal, Plaintiffs argue that (1) the district court erred in finding the case moot because Kroger and Albertsons could revive the merger, and (2) they are entitled to attorney's fees as prevailing parties under the Clayton Act because Kroger and Albertsons abandoned the merger. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of law, including the district court's dismissal of the case as moot and the district court's prevailing party determination. *Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024) (citation omitted); *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1033 n.11 (9th Cir. 2023). We affirm.

1. The district court did not err when it dismissed the case as moot. In December 2024, Kroger and Albertsons formally abandoned the merger attempt and withdrew their mandatory filings with the FTC. After these actions, there was no longer a merger agreement to challenge, so the case was moot. The sole purpose of

Plaintiffs' lawsuit was to enjoin the execution of the Merger Agreement. Because Kroger and Albertsons have abandoned that agreement, it is "impossible for a court to grant any effectual relief." *Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597, 609 (2013) (quotation omitted). Moreover, if Kroger and Albertsons were to seek to merge again, they would have to submit a formal notification to the FTC and the Assistant Attorney General and wait at least 30 days for the agencies to complete their review of that proposed merger. 15 U.S.C. § 18a.

2. Plaintiffs are not entitled to attorney's fees under the Clayton Act as parties who have "substantially prevail[ed]." 15 U.S.C. § 26. Plaintiffs contend that they have prevailed in this litigation because other courts determined, in separate proceedings, that the Merger Agreement likely violated the Clayton Act, thereby producing the result Plaintiffs sought here. But, to qualify as a "prevailing party," a party must obtain relief pursuant to "a court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (citation modified). Plaintiffs obtained no relief from the district court in this case. The district court denied every motion Plaintiffs filed and entered final judgment against them. So, they did not "prevail."

3. Despite Plaintiffs' contrary representations at oral argument, Plaintiffs have forfeited their claims against Defendant Cerberus Capital Management, L.P.

Plaintiffs' opening brief mentions Cerberus in only one sentence, in its "Statement of Jurisdiction."  A party's opening brief must "adequately develop" an argument to preserve it.  *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024).  "We generally do not consider issues that are not raised in the appellant's opening brief."  *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016).  There is no reason to depart from that rule here.

**AFFIRMED.**